**Mark A. Miller, 9563**
mmiller@hollandhart.com
**HOLLAND & HART LLP**
222 S. Main Street, Suite 2200
Salt Lake City, UT 84101
Telephone: (801) 799-5800
Facsimile: (801) 799-5700

**Timothy P. Getzoff, (pro hac vice pending)**
tgetzoff@hollandhart.com
**HOLLAND & HART LLP**
1800 Broadway, Suite 300
Boulder, CO 80302
Telephone: (303) 473-2700
Facsimile: (303) 473-2720

*Attorneys for Plaintiffs*

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| **NUTRACEUTICAL CORPORATION,**<br>    a Delaware corporation, and<br>**NUTRAMARKS, INC.,**<br>    a Delaware corporation,<br><br>    Plaintiffs,<br><br>vs.<br><br>**BAYER HEALTHCARE LLC,**<br>    a Delaware limited liability company,<br><br>    Defendant. | **COMPLAINT FOR DECLARATORY JUDGMENT OF NON-INFRINGEMENT**<br><br><br>Civil Case No. 2:13-cv-00955-TC<br><br>Judge Tena Campbell |

Plaintiffs Nutraceutical Corporation and NutraMarks, Inc., in support of their Complaint for Declaratory Judgment against Defendant, allege and state as follows:

**PARTIES**

1.     Plaintiff Nutraceutical Corporation ("Nutraceutical") is a Delaware corporation with a principal place of business at 1400 Kearns Blvd, Second Floor, Park City, Utah, 84060.

2.     Plaintiff NutraMarks, Inc. ("NutraMarks") is a Delaware corporation with a principal place of business at 1500 Kearns Blvd, Suite B200, Park City, Utah, 84060.

3.     Defendant Bayer HealthCare LLC ("Bayer") is a Delaware limited liability company with its principal place of business at 100 Bayer Road, Pittsburgh, Pennsylvania, 15205.

## JURISDICTION AND VENUE

4.     This action arises and is brought under the Declaratory Judgment Act, 28 U.S.C. §§ 2201-2202, and the Trademark Act of July 5, 1946, as amended, commonly known as the Lanham Act, 15 U.S.C. § 1051, *et seq.* and Utah statutory and common law.

5.     Subject matter jurisdiction exists under 15 U.S.C. § 1121 and 28 U.S.C. §§ 1331, 1338, and 2201-2202.

6.     This Court possesses personal jurisdiction over Defendant because, upon information and belief, it regularly and continuously transacts business in the State of Utah.

7.     Venue is proper in the United States District Court for the Central District of Utah pursuant to 28 U.S.C. § 1391(b) because, upon information and belief, Defendant has regularly and continuously transacted business within the State of Utah.

## GENERAL ALLEGATIONS

### Background on Plaintiffs' Business

8.  Nutraceutical (directly and through its subsidiaries) manufactures, distributes, and sells a wide variety of nutritional and dietary supplements, cosmetic products, and therapeutic topical products in health and natural food stores and similar outlets nationwide.

9.  NutraMarks is a wholly-owned subsidiary of Nutraceutical and owns the trademark rights to the ALKAMAX trademark at issue.

10. Since at least as early as 2002, Nutraceutical and its predecessors have used the ALKAMAX mark in commerce throughout the United States in connection with the advertising and sale of an "alkaline booster" nutritional supplement product.

11. On February 21, 2011, Plaintiffs' predecessor filed an application to register the ALKAMAX mark with the United States Patent and Trademark Office ("USPTO") for "dietary and nutritional supplements."

12. The trademark application was duly examined by a Trademark Examiner at the USPTO, who *inter alia* searched the USPTO records to determine whether any other registered mark presented a likelihood of confusion with the ALKAMAX mark.

13. On May 2, 2012, the USPTO approved the ALKAMAX application for registration and, pursuant to 15 U.S.C. § 1062(a), published the mark for opposition.  Having received no objection or opposition within the prescribed period, on August 7, 2012, the USPTO registered the mark AKLAMAX for "dietary and nutritional supplements" in International Class 5.  A copy of NutraMarks' trademark registration for ALKAMAX is filed herewith as Exhibit 1.

**Background on Defendant**

14. Upon information and belief, Bayer is a wholly-owned subsidiary of Bayer AG, a German corporation, which is global enterprise specializing in the fields of health care, nutrition, crop science, and high-tech materials.

15. Upon information and belief, Bayer uses the name ALKA-SELTZER in connection with the advertising and sale of "over the counter" (OTC) antacid effervescent and pain reliever products.

16. Upon information and belief, Bayer is the owner of several U.S. Trademark Registrations for the mark ALKA-SELTZER for antacid effervescent preparations, pain relievers, and dietary supplements.

**Defendant Seeks to Cancel NutraMarks' Trademark Registration**

17. On September 13, 2013, Bayer filed a Petition for Cancellation with the Trademark Trial and Appeal Board ("TTAB") seeking to cancel NutraMarks' trademark registration for the ALKAMAX. Notwithstanding the Trademark Examiner's contrary view of the matter, Bayer asserted that NutraMarks' use of the ALKAMAX mark is likely to cause confusion, mistake, and/or deception with Bayer's ALKA-SELTZER mark, and that Bayer will be damaged by the continued registration of the ALKAMAX mark for the goods identified in the registration. A copy of Bayer's September 13, 2013 Petition for Cancellation is attached as Exhibit 2.

18. Based on its Petition for Cancellation, Bayer maintains that a likelihood of confusion exists between Plaintiffs' ALKAMAX product and Bayer's ALKA-SELTZER product, which constitutes trademark infringement under the Lanham Act. However, despite the

fact that Nutraceutical and its predecessors have sold the ALKAMAX products in the market since 2002, Bayer has taken no action to file suit or otherwise stop Plaintiffs' use or sale of the ALKAMAX products.

19.     Under the circumstances, Plaintiffs possess an objectively reasonable apprehension that Bayer will file suit for trademark infringement based upon Bayer's allegations in the Petition for Cancellation.

20.     Therefore, there exists an actual and justiciable controversy between NutraMarks and Bayer regarding whether Plaintiffs' use of the ALKAMAX mark is infringing the alleged trademark rights owned by Bayer.

21.     Under the relevant factors for determining infringement, there is no likelihood of confusion between the parties' respective uses of their marks.  The only commonality between the marks, ALKA, is descriptive of the properties of the products.  There are a multitude of third-party antacid and alkaline additive products that begin with ALKA, including ALKA CAL, ALKA CLEANSE, ALKA PRO, ALKA ZONE, and others.

22.     Unlike Bayer's ALKA SELZTER product, Plaintiffs' ALKAMAX product is not an "over the counter" (OTC) product, is not an antacid, and is not an effervescent product.  On the contrary, it's an alkaline booster/stabilizing product, classified as a dietary supplement.

23.     Unlike Bayer's ALKA SELZTER product, Plaintiffs' ALKAMAX product is not sold in mass market retail outlets, but instead is sold through health food and other natural food stores and outlets.  Despite co-existing in the market for over ten years, there have been no instances of actual confusion between the products.

24.     Plaintiffs' right to use its ALKAMAX trademark, including the continued marketing and sale of its ALKAMAX products, is now clouded as a result of Bayer's actions. Bayer's allegations will continue to impede and interfere with Plaintiffs' legitimate business interests and objectives, thereby constituting actual harm and injury to Plaintiffs.

## FIRST CLAIM FOR RELIEF
### (Declaratory Judgment of Non-Infringement)

25.     Plaintiffs incorporate by this reference the allegations contained in the preceding paragraphs of the Complaint.

26.     Plaintiffs do not infringe any existing and valid trademark right of Bayer in ALKA-SELTZER under the federal Lanham Act, applicable state statute, or common law.

27.     Plaintiffs' use of ALKAMAX is not likely to cause confusion, mistake, or deception, or confuse the relevant public as to source, sponsorship, or affiliation with Defendant or Defendant's use of ALKA-SELTZER.

## PRAYER FOR RELIEF

FOR THESE REASONS, Plaintiffs pray for a judgment in their favor and against Defendant as follows:

A.     That the Court declare that Plaintiffs' use of ALKAMAX is not likely to confuse consumers as to the source, sponsorship or affiliation of Plaintiffs or their ALKAMAX products;

B.     That the Court order that Defendant, its directors, officers, employees, servants, attorneys, agents, representatives, distributors, licensees, and all persons in active concert or participation with them, be enjoined and restrained permanently from

interfering with Plaintiffs' use or registration of the ALKAMAX mark, including in a domain name, and from opposing or otherwise objecting or seeking to cancel any of Plaintiffs' federal registrations or applications for ALKAMAX based upon an alleged likelihood of confusion with ALKA-SELTZER.

    C.    That Plaintiffs be awarded their reasonable attorneys' fees and costs.

    D.    For such other and further relief as the Court deems appropriate.

Dated: October 17, 2013.

/s/ Mark A. Miller
**Mark A. Miller, 9563**
mmiller@hollandhart.com
**HOLLAND & HART LLP**
222 S. Main Street, Suite 2200
Salt Lake City, UT 84101
Telephone: (801) 799-5800
Facsimile: (801) 799-5700

**Timothy P. Getzoff, (pro hac vice pending)**
tgetzoff@hollandhart.com
**HOLLAND & HART LLP**
1800 Broadway, Suite 300
Boulder, CO 80302
Telephone: (303) 473-2700
Facsimile: (303) 473-2720

**ATTORNEYS FOR PLAINTIFFS NUTRACEUTICAL CORPORATION AND NUTRAMARKS, INC.**

6439018_1